IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| SANDRA CK VAN ORNUM,<br><br>           Plaintiff,<br><br>   v.<br><br>AMERICAN MEDICAL ASSOCIATION,<br>et al.,<br><br>         Defendants. | **ORDER**<br><br>Case No. 2:14-cv-00921-RJS-EJF<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This case was referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C.

§ 636(b)(1)(B).  Before the court are both (1) the Magistrate Judge's Report and

Recommendation, which addresses the Defendants' motions to dismiss[1] and the Plaintiff's

Motion for Particularity,[2] and (2) several pending motions for leave to amend.[3]

---

[1] The Defendants filed their Motions to Dismiss as follows:  Eli Lily & Company and Pfizer Inc. filed their Motion to Dismiss on April 30, 2015 (Dkt. 9); Hawaii Pacific Health System filed its Motion to Dismiss on May 15, 2015 (Dkt. 14); the American Dental Association, American Hospital Association, and American Medical Association jointly filed their Motion to Dismiss on May 29, 2015 (Dkt. 23); Allergan filed its Motion to Dismiss on June 11, 2015 (Dkt. 29); Kuakini Health System filed its Motion to Dismiss on June 15, 2015 (Dkt. 36); Hawaii Pacific Health System filed a second Motion to Dismiss on June 18, 2015 (Dkt. 39); Abbott Laboratories filed a Motion to Dismiss on June 29, 2015 (Dkt. 45); Monsanto Company filed a Motion to Dismiss on June 29, 2015 (Dkt. 46); and Dr. William Goodhue filed a Motion to Dismiss on August 20, 2015 (Dkt. 66).

[2] Dkt. 16.

[3] *See* Dkt. 10 ("Motion Court Leave to Amend Complaint"); Dkt. 11 ("Motion Court Leave 4-29-15"); Dkt. 21 ("Motion Court Leave to Correct to Registered Name for Service of Process"); Dkt. 22 ("Motion Court Leave to Amend 'Motion to Correct (w/) Registered Name for Service of Process"); Dkt. 24 ("Motion Court Leave w/Attachment Including Privious [sic] Request Filed"), Dkt. 60 ("Motion Court Leave to Amend Amended Complaint w/ Attachment A"); Dkt. 76 at 16–17 ("She needs [to rewrite her Complaint] in less words, complete word and sentence and motion for class action, which may be much more economical for all parties including the Court. She needs at least one or two more weeks, extension of time. Under Federal Rules of Civil Procedure rule 15(a)(2).").

## BACKGROUND

In her operative Complaint,[4] pro se Plaintiff Sandra Van Ornum appears to allege that the

Defendants[5] violated her First and Fourteenth Amendments rights, along with several statutes.[6]

Ms. Van Ornum's Complaint is incoherent.  It begins with seven pages of abbreviations and

definitions; and proceeds to use these abbreviations in incomplete sentences.  Ms. Van Ornum

appears to assert that the Defendants interfered with her and her family's practice of "primitive

nutritional wisdom" by providing modern institutional medical care and, as a result, her and her

family suffered poor health outcomes.[7]  She also appears to allege that the Defendants committed

various crimes as a result of their interference with her and her family's practice of primitive

nutritional wisdom.[8]

All of the Defendants filed motions to dismiss.[9]  In their motions, all Defendants argue

that Ms. Van Ornum's Complaint fails to satisfy Rule 8(a) of the Federal Rules of Civil

Procedure, which requires "a short and plain statement of the claim showing that the pleader is

---

[4] Ms. Van Ornum filed her original complaint in December 2014.  (Dkt. 1.)  She filed an Amended Complaint on March 24, 2015 (Dkt. 4) and then three days later filed a Motion to For Leave to File Amended Complaint (Dkt. 5).  Ms. Van Ornum's Motion to Amend was granted (Dkt. 6) and she filed her Amendment to Amended Law Suit Complaint.  (Dkt. 7.)  The court considers this Second Amended Complaint as the operative Complaint.

[5] Ms. Van Ornum named the following Defendants in her Complaint: "(1) the American Medical Association & Offspring; (2) the American Dental Association & Offspring; (3) the American Hospital Association & Offspring; (4) Monsanto Company & Offspring; (5) Eli Lily and Company & Offspring; (6) Pfizer Inc. & Offspring; (7) Abbott Laboratory Inc. & Offspring; (8) Allergan Inc. & Offspring; (9) Hawaii Pacific Health System & Contract Physician, DDS, et al; (10) Kuakini Health System & Contract Physicians, DDS, et al; (11) Dr William Goodhue, MD, (12) Doe Defendants." Dkt. 7 at 1.

[6] Dkt. 75 at 2 (finding that the Plaintiff's complaint alleges violations of the Religious Freedom Restoration Act, the Civil Rights Act, the Trafficking Victims Protection Act, the Mandatory Victims Restitution Act, the Sherman Antitrust Act, the Clayton Act, Title VI of the Civil Rights Act, along with a Hawaii state statute providing remedies for elder abuse).

[7] Dkt. 7 at 13–14.

[8] Dkt. 75 at 5 (finding that Ms. Van Ornum alleged the Defendants committed "kidnapping, elder and child abuse, exploitation, murder, human trafficking, and abuse of the law and legal process").

[9] *See supra* note 1.

2

entitled to relief."[10]  The Defendants also argue that Ms. Van Ornum's claims should be dismissed under several provisions of Rule 12(b), including: Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Ms. Van Ornum filed one Memorandum in Opposition to these motions.[11]

The Magistrate Judge issued her Report and Recommendation on January 29, 2016, recommending the court grant the Defendants' motions to dismiss, and dismiss the Plaintiff's claims without prejudice.  She recommended dismissal because Ms. Van Ornum's Complaint failed to state facts sufficient to allege personal jurisdiction over the Defendants.[12]  The Magistrate Judge also recommended dismissing claims against Hawaii Pacific because the Plaintiff did not respond to its Motion to Dismiss;[13] and terminating Ms. Van Ornum's Motion for Particularity because it functioned as an opposition and not a motion.[14]  Below, the court first addresses the Report and Recommendation, ultimately agreeing with its result.  Next, the court addresses Ms. Van Ornum's proposed motions to amend, finding them moot.

## ANALYSIS

The court reviews the Report and Recommendation (Recommendation) and ultimately agrees with the Magistrate Judge that the Defendants' motions to dismiss should be granted.  The Magistrate Judge based her decision on the Plaintiff's failure to establish personal jurisdiction over the Defendants.  When determining personal jurisdiction, a federal court must consider "(1)

---

[10] *See* Dkt. 9 at 2–3; Dkt. 14 at 3 n.4; Dkt. 23 at 3–4; Dkt. 29 at 3; Dkt. 36 at 3; Dkt. 39 at 2; Dkt. 45 at 3–4; Dkt. 46 at 3; Dkt. 66 at 3.

[11] Dkt. 51.

[12] Dkt. 75.

[13] Dkt. 75 at 5–6.

[14] *Id.*

whether the applicable statute potentially confers jurisdiction by authorizing service of process

on the defendant and (2) whether the exercise of jurisdiction comports with due process."[15]  In the

Recommendation, the Magistrate Judge recommends dismissal because she concludes, first, that

the statutory claims advanced by Ms. Van Ornum do not confer personal jurisdiction over the

Defendants; and second, that the Plaintiff has failed to make a prima facie showing of personal

jurisdiction required under a due process analysis.  Below, the court first sets forth the standard

of review and then considers the Magistrate Judge's Recommendation.

## I.      Standard of Review

In the absence of a specific and timely objection, the court may apply a "clearly

erroneous" standard of review when evaluating a Report and Recommendation.[16]  This is true

even when the party that fails to object is pro se.[17]  Under this standard, the court "will affirm the

Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a

---

[15] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted).

[16] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court and for appellate review."); *Gonzalez v. Franco*, No. CIV-14-1163, 2016 WL 807769, at *4 (D.N.M. Jan. 30, 2016) (unpublished) (applying "clearly erroneous, arbitrary, obviously contrary to the law, or abuse of discretion" standard of review when no party objects to a Magistrate Judge's proposed findings and recommended disposition).

The Tenth Circuit has a "firm-wavier rule" and will refuse to consider appeals without a timely objection. *Allman v. Colin*, No. 15-7026, 2016 WL 700566, at *1 (10th Cir. 2016).  But the firm-waiver rule does not apply to pro se litigants where: "(1) a pro se litigant has not been informed of the time period for objecting and the consequences for failing to object, or when (2) the interests of justice require review." *Id.*(internal quotation marks omitted).  This exception does not appear to apply here.

[17] *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligations of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *cf. Chiari v. New York Arcing Ass'n Inc.*, 972 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) ("Although the objections to a report and recommendation of a pro se party should be accorded leniency, even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (citation omitted)).

mistake has been committed."[18] Ms. Van Ornum failed to file a timely objection and the court

reviews the Recommendation under the clearly erroneous standard.

The Magistrate Judge issued her Report and Recommendation on January 29, 2016 and in

it she gave the parties notice of their right to object.  She also made clear that the Parties must

file their objections with the Clerk of Court within fourteen days of service.[19]  If the Parties

failed to file a timely objection, the Recommendation explained that they may waive objections

upon subsequent review.[20]  Ms. Van Ornum filed her Objection twenty days after the Magistrate

Judge issued her Recommendation and thus it was not timely.

## II.   The Court Agrees with the Magistrate Judge that the Defendants' Motions to Dismiss Should be Granted

Ultimately, the court agrees with the Magistrate Judge that the Defendants' motions to

dismiss should be granted.  And after reviewing the briefing, record, and relevant legal

authorities, it appears to the court that that Magistrate Judge did not clearly err when she

concluded that the Plaintiff had failed to make a prima facie showing that the court had personal

jurisdiction over the Defendants under a due process analysis.[21]  The due process analysis

dispenses with all of Ms. Van Ornum's claims except those asserted under the Sherman and

Clayton Acts.[22]

The court now considers the Magistrate Judge's personal jurisdiction analysis under these

Acts and declines to adopt this portion of the Recommendation.  As discussed in the

---

[18] *Thompson v. Astrue*, No. 2:09-cv-228, 2010 WL 1944779, at *1 (D. Utah  May 11, 2010) (unpublished) (internal quotation marks and citations omitted).

[19] *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)–(c) (allowing parties fourteen days to file an objection to a report and recommendation from a magistrate judge).

[20] Dkt. 75 at 26.

[21] *See* Dkt. 75 at 13–25.

[22] *See id.* at 13–14.

Recommendation, the Sherman and Clayton Acts provide for nationwide service.[23] And the defendants in these cases bear the burden of demonstrating that personal jurisdiction "does not comport with Fifth Amendment due process principles . . . [by] demonstrat[ing] 'that [their] liberty interests actually have been infringed.'"[24]  The defendants also have the burden of showing that the "exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [they] unfairly [are] at a severe disadvantage in comparison to [their] opponent.'"[25]  The Tenth Circuit has "emphasize[d] that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern."[26]

In the Recommendation, the Magistrate Judge recognizes that the Defendants have not "mentioned the issue of lack of personal jurisdiction under the antitrust laws" and have failed to address the test outlined above.[27]  She then nevertheless concludes that "[b]ased on the undersigned's limited understanding of Ms. Van Ornum's claims and the memoranda submitted, litigating this case in Utah would appear to burden the corporate Defendants with

---

[23] *See* Dkt. 75 at 9–10.

[24] *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000).

[25] *Id.* (citation omitted).  The court looks to certain factors to decide if the defendants have meet their burden including:  "(1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business." *Id.*  Also, if defendants meet this burden then the court considers whether "the federal interests in litigating the dispute in the chosen forum outweigh[] the burden imposed on the defendant." *Id.* at 1213 (internal quotation marks omitted).  If the federal interests outweigh the burden to the defendant, the court exercises jurisdiction.  In determining the federal interest, the court looks to "the federal policy advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy.  Where . . . Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives." *Id.* (internal quotation marks omitted) (alteration in original).

[26] *Id.* at 1212 (internal quotation marks omitted).

[27] Dkt. 75 at 12.

'constitutionally significant inconvenience.'"[28]  The Magistrate Judge appears to relieve the Defendants of their significant burden under these statutes by *sua sponte* concluding that they have satisfied it.  If the Plaintiff had properly pled these claims, which she did not, it would have been a misapplication of the law, and thus clear error, to relieve the Defendants of their affirmative burden.

However, any legal error committed by the Magistrate Judge was harmless.[29]  Because the antitrust claims are not pled in compliance with Rule 8(a) of the Federal Rules of Civil Procedure, they are appropriately dismissed under Rule 12(b)(6) for failure state a claim upon which relief can be granted.  Rule 8(a)(2) requires only that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[30]  But the "pleadings must 'specify the allegations in a manner that provides sufficient notice' to the adverse party."[31] And the Federal Rules "generally require a statement 'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[32] When a complaint includes multiple claims against multiple defendants, it must put each

---

[28] Dkt. 75 at 13.

[29] *See Allied Semi-Conductors Int'l., Ltd. v. Pulsar Components Int'l, Inc.*, 907 F. Supp. 618, 622–23 (E.D.N.Y. 1995) (noting that while the magistrate judge made a legal error "[t]his error was harmless in that it does not change the ruling in the case by affecting a substantial right of one of the parties"); *see also* FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

[30] FED. R. CIV. P. 8(a); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause of action, and the demand for relief").

[31] *Bartlett v. Utah*, No. 2:06-cv-00048, 2006 WL 1767136, at *1 (D. Utah June 23, 2006) (unpublished) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

[32] *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

defendant on notice of what claims are asserted against them and the facts that support these claims.[33]

Here, Ms. Van Ornum's Complaint includes eleven named Defendants and, from what the court can discern, alleges ten causes of action including the antitrust claims.  Ms. Van Ornum's Complaint mainly refers to the Defendants collectively as "Ds" and fails to "isolate the allegedly unlawful acts of each defendant" so as to put them on notice of the claims brought against them.[34]  Also, although Ms. Van Ornum generally alleges violations of antitrust laws, there are no specific, comprehensible factual allegations or claims for relief against any individual Defendant.[35]  Because Ms. Van Ornum does not allege antitrust violations against any specific Defendant in a manner sufficient to put them on notice as required by Rule 8(a) the court concludes that these claims fail and Defendants' motions to dismiss are granted as relates to these claims.  Because the court concludes that Ms. Van Ornum's antitrust claims fail, any error in the Magistrate Judge's Recommendation is harmless.

In sum, the court adopts the Magistrate Judge's due process analysis, which dispenses of all claims except those asserted under the Sherman and Clayton Acts.  The court declines to adopt the Magistrate Judge's analysis for these claims and instead concludes that the Plaintiff has failed to plead these claims in a manner that satisfies Rule 8(a).  The court therefore adopts the Recommendation's analysis in part and concurs in its ultimate decision.

---

[33] *Id.* at *2 (concluding that the plaintiff's complaint failed under this standard when he named seven defendants and fifteen causes of action but "fail[ed] to inform individual defendants of what is claimed against them, thereby making it difficult for each to properly respond and raise defenses").  *See also Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012) (noting in the context of § 1983 actions stating that "[t]o provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of each defendant" (internal quotation marks omitted)).

[34] *Gray*, 672 F.3d at 921 n.9.

[35] *See generally* Dkt. 7.

### III.    Plaintiff's Pending Motions to Amend are Moot

Ms. Van Ornum has several pending motions seeking leave to amend.[36]  While the court
has not undertaken a detailed analysis of all of Ms. Van Ornum's filings that may be construed as
motions to amend, the court has reviewed her most recent Motion to Amend and the attached
Amended Complaint.[37]  This proposed Amended Complaint appears to suffer from the same
Rule 8(a) and personal jurisdiction infirmities as the current Complaint.  Specifically, the
Amended Complaint continues to refer to Defendants collectively as "Ds" and fails to provide a
short and plain statement of the claims asserted against individual Defendants and the facts that
support these claims.[38]

Notice pleading is a basic requirement of advancing a claim before this court.  In order to
advance a claim, Ms. Van Ornum must file a complaint that complies with Rule 8(a) of the
Federal Rules of Civil Procedure and includes (1) "a short and plain statement of the court's
jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to
relief;" and (3) "a demand for relief sought."  Also, where there are multiple claims and multiple
defendants, Ms. Van Ornum must state her claims in a manner that provides individual
defendants fair notice of the claims asserted against them and the grounds upon which these
claims rest.[39]  Ms. Van Ornum must also "state a claim of relief that is plausible on its face."[40]

---

[36] *Supra* note 3.

[37] Dkt. 60 (Ms. Van Ornum styles her motion "Motion Court Leave to Amend Amended Complaint w/Attachment A" and her Amended Complaint as "3rd Amendment to Amended Complaint.")

[38] *Id. passim.*

[39] *See Gray,* 672 F.3d at 921 n.9.

[40] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.")

With these requirements in mind, Ms. Van Ornum may amend her complaint and attempt to cure the deficiencies. Because the court is granting Ms. Van Ornum leave to amend, her pending motions seeking leave to amend are moot.

## CONCLUSION

The court ADOPTS in part the Recommendation and ORDERS the dismissal of Ms. Van Ornum's claims against the Defendants without prejudice, granting the Defendants' motions to dismiss (Dkt. 9; Dkt. 14; Dkt. 23; Dkt. 29; Dkt. 36; Dkt. 45; Dkt. 46; Dkt. 66). Also, as recommended in the Report and Recommendation, the court DENIES Defendant Hawaii Pacific's Second Motion to Dismiss (Dkt. 39) as moot based on the granting of its previous Motion to Dismiss (Dkt. 14); and terminates Ms. Van Ornum's Motion for Particularity because it functions as an opposition and not a motion. (Dkt. 16.)

The court grants Ms. Van Ornum leave to amend her complaint within thirty (30) days of this Order, in accordance with the guidance provided above. Failure to do so will result in the dismissal of this case with prejudice. Because Ms. Van Ornum has leave to amend, her pending motions seeking leave to amend are now DISMISSED as moot. (Dkt. 10; Dkt. 11; Dkt. 21; Dkt. 22; Dkt. 24; Dkt. 60.) The court also DISMISSES as moot Ms. Van Ornum's Motion for Grants and Orders, which requests an extension of service of process for her current Complaint, in view of her need to replead. (Dkt. 8.)

SO ORDERED this 30th day of March, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

10