IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SANDRA C.K. VAN ORNUM**,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN MEDICAL ASSOCIATION**, *et al.*,<br><br>Defendants. | **REPORT AND RECOMMENDATION: DISMISSING CYANOCH/CYANOTECH AFTER MS. VAN ORNUM'S FAILURE TO SERVE**<br><br>Case No.  2:14-cv-921-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On December 22, 2014, Ms. Van Ornum filed a *pro se* Complaint against the American Medical, Dental, and Hospital Associations, Monsanto Company, Eli Lily and Company, Pfizer Inc., Abbott Laboratories Inc., Allergan Inc., Hawaii Pacific Health System, Kuakini Health System, and Dr. William Goodhue.  (ECF No. 1.)  Ms. Van Ornum amended her Complaint on March 24, 2015, (ECF No. 4), and again on April 17, 2015.  (ECF No. 7.)

The undersigned issued a Report and Recommendation endorsing dismissal of all claims. (Report & Recs., ECF No. 75.)  The District Judge subsequently dismissed all claims and gave Ms. Van Ornum the opportunity to amend once more.  (Order, ECF No. 86.)  Ms. Van Ornum filed her new Complaint (Amended Complaint) on May 4, 2016.  (Am. Compl., ECF No. 98.) The Amended Complaint added the Defendants Kaiser Hospital Foundation, Intermountain Health Care, and Cyanoch Biochemic Corporation (Cyanoch/Cyanotech).  (*Id.*)

Ms. Van Ornum did not serve Kaiser Hospital Foundation, Intermountain Health Care, or Cyanoch/Cyanotech within ninety days, by August 2, 2016, as required by the Federal Rules of Civil Procedure (Rules).  Fed. R. Civ. P. 4(m).  Neither did Ms. Van Ornum seek an extension of that period prior to its expiration.  During a September 19, 2016 hearing, the undersigned

inquired about service and instructed Ms. Van Ornum to serve the three parties within thirty days or risk the Court dismissing these parties from the suit.  (ECF No. 177.)

On September 22, 2016, Ms. Van Ornum provided a Certificate of Service, indicating that she mailed the Amended Complaint, along with a Waiver of Service Form, via US First Class mail to "JOLE DEAL, at 73-4460 QUEEN KAAHUMANU HWY, STE 102. KAILUA KONA, Hawaii 96740, UNITED STATES, the Registered Agent for CYANOTECH CORPORATION" among other mailings to party representatives.  (ECF No. 179.)  Neither Cyanoch/Cyanotech nor Ms. Van Ornum returned a waiver of service to the Court.  On November 29, 2016, Ms. Van Ornum filed a document entitled, "NOTICE OF CORRECTIONS IN THE CAPTION OF DKT. NO. 98."  (ECF No. 191.)  Within this Notice, Ms. Van Ornum indicated she wished Cyanoch Biochemic Corporation, the party name listed in her Amended Complaint, altered to read "Cynanotech Corporation, Nutrex Hawaii Inc."  (*Id.*)

### *Federal Service of Process*

Under Rule 4, sufficient service of process on a corporation requires either:  (1) delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," or (2) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) & (h); *see Burnham v. Humphrey Hosp. REIT Tr., Inc.*, 403 F.3d 709, 715 (10th Cir. 2005) (describing the two methods of service upon a corporation permitted by the Rules).  The first method of service, authorized by Rule 4(h), requires personal –not mailed– service.  *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding Rule 4(h)(2)

requires personal service); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (unpublished) (same); *Reser's Fine Foods, Inc. v. H.C. Schmieding Produce Co., LLC.*, No. 16-4150-SAC-KGS, 2017 WL 912081, at *1 (D. Kan. Mar. 7, 2017) (unpublished) (citing *Larsen* and *Dyer*). Ms. Van Ornum chose to mail her Amended Complaint, (ECF No. 179); therefore, service fails to comply with Rule 4(h). Service of process may still suffice should it comply with the second method, authorized by Rule 4(e). Under this method, service of process must follow either the service of process laws of Utah (the state where the District Court sits) or Hawaii (the state where the plaintiff serves the complaint).

### Utah Service of Process

Utah process rules allow a party to effectuate service by either: (1) "delivering a copy of the summons and the complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the summons and the complaint to the defendant," or (2) "by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(1)(E) & (d)(2)(B) (2014). To serve properly through the mail, Utah rules require "either the defendant or the defendant's agent authorized by appointment or by law to receive service of process [to] sign a document indicating receipt." *Kippen v. Pack*, No. 1:10-CV-119 TS, 2010 WL 3835221, at *1 (D. Utah Sept. 29, 2010) (unpublished); *see also Towner v. USAA Fed. Sav. Bank*, No. 2:14-CV-148-DN-DBP, 2014 WL 2608517, at *2 (D. Utah June 11, 2014) (unpublished) (determining plaintiff failed to serve given "no record evidence" of signed receipt).

Utah law permits service by certified mail, with an authorized agent signing a document indicating receipt of the summons and complaint. Utah R. Civ. P. 4(d)(2)(B) (2014); *Kippen*, 2010 WL at \*1. Ms. Van Ornum did not use certified mail, only "US First Class, prepaid." (ECF No. 179.) Without any indication that an authorized agent of Cyanoch/Cyanotech signed a document indicating receipt of the mail, Ms. Van Ornum has failed to serve Cyanoch/Cyanotech under Utah procedure within the time available.

### *Hawaii Service of Process*

Hawaii's rules differ slightly. A party achieves service of a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Haw. R. Civ. P. 4(d)(3). Hawaii law only authorizes service by registered or certified mail "[i]f no officer, director, manager, superintendent, or other person in charge of the property, business, or office of the corporation can be found within the State, and the corporation has not filed with the department director, pursuant to this chapter, the name of a registered agent upon whom legal notice and process from the courts of the State may be served, or the person named is not found within the State." Haw. Rev. Stat. Ann. § 414-64. If the corporation does not meet the requirements of section 414-64, service of process by mail does not satisfy Hawaii rules. *Wagner v. World Botanical Gardens, Inc.*, 268 P.3d 443, 450–51 (Haw. Ct. App. 2011) (finding service of a corporation by mail when corporation had a registered agent for service of process in Hawaii improper).

Hawaii law would only authorize service by certified or registered mail if Cyanoch/ Cyanotech had no agent within the state. Haw. Rev. Stat. Ann. § 414-64. Ms. Van Ornum

mailed her Complaint and Waiver to an individual in Hawaii, identified as "the Registered Agent for CYANOTECH CORPORATION." (ECF No. 179.)  Because a registered agent for Cyanoch/Cyanotech exists in Hawaii, Ms. Van Ornum did not serve Cyanoch/Cyanotech properly under Hawaii law.

### *Conclusion*

Rule 4 gave Ms. Van Ornum two routes to proper service of Cyanoch/Cyanotech.  Rule 4(h) authorizes personal service of the summons and complaint to certain representative parties of the corporation.  Rule 4(e) authorizes service of process according to the rules of either the forum state (Utah) or the state where the plaintiff serves the defendant (Hawaii).  Ms. Van Ornum's attempted method of service fails under all options.

### RECOMMENDATION

Given Ms. Van Ornum did not serve Cyanoch/Cyanotech within ninety days of filing her Complaint, as required by the Rules and did not serve the company properly within the additional thirty day window the undersigned provided, (ECF No. 177), the undersigned now RECOMMENDS that the Court, after notice to Ms. Van Ornum, dismiss the action against Cyanoch/Cyanotech without prejudice given Ms. Van Ornum proceeds pro se.  Fed. R. Civ. P. 4(m).

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 21st day of April, 2017.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge