IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SANDRA C.K. VAN ORNUM**,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN MEDICAL ASSOCIATION**, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION DENYING MS. VAN ORNUM'S MOTION FOR LEAVE TO AMEND (ECF No. 191)<br><br>Case No.  2:14-cv-921-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On November 29, 2016, pro se Plaintiff Sandra C. K. Van Ornum filed a motion for leave to amend her Amended Complaint to add her street name and apartment number to her Amended Complaint, as well as alter the names of three defendants. (Notice of Corrections in the Caption of Dkt. No. 98 (Mot.), ECF No. 191.)  Although Ms. Van Ornum frames her request as a notice, altering her Amended Complaint at this stage requires Court approval because this proposed amendment would represent the fifth version of Ms. Van Ornum's Complaint.  See Fed. R. Civ. P. (Rule) 15(a)(1) ("A party may amend its pleading once as a matter of course…"); (see also Law Suit Compl. Demand Jury Trial, ECF No. 1; Am. Law Suit Compl. Demand Jury Trial, ECF No. 4; Amendment to Am. Law Suit Compl. Demand Jury Trial, ECF No. 7; Am. Compl.; Demand Jury Trial, ECF No. 98.)  The undersigned RECOMMENDS the Court DENY Ms. Van Ornum's Motion.[1]

Under Rule 15(a)(2), a court shall "freely give leave to amend when justice so requires."  A court "generally refuse[s] leave to amend only on 'a showing of undue

---

[1] On January 5, 2015, District Judge Robert J. Shelby referred this case to the undersigned  Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)

1

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" Duncan v. Manager, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

The undersigned recommends the Court deny Ms. Van Ornum leave to amend because the proposed amendments fail to cure the deficiencies in the current version of the Ms. Van Ornum's Complaint. The alterations Ms. Van Ornum seeks prove futile.

Ms. Van Ornum requests the opportunity to change the names of the Defendants "Kaiser Hospital Foundation" and "Intermountain Health Care Network" to "Kaiser Foundation Hospitals" and "Intermountain Health Care Organization" respectively. (Mot. 1, ECF No. 191.) Allowing this change would make no substantive change to the merits of Ms. Van Ornum's claims. Furthermore, both Defendants responded to Ms. Van Ornum's mailed Complaint with Motions to Dismiss. (See Def. Kaiser Foundation Hospitals' Mot. to Dismiss, ECF No. 183; Intermountain Healthcare's Mot. to Dismiss Am. Compl., ECF No. 189.) While both Defendants point out Ms. Van Ornum used incorrect names, neither argues for dismissal on those grounds - instead focusing on a number of other persuasive reasons, including failure to state a claim under Rule 12(b)(6) to dismiss the claims. (See Def. Kaiser Foundation Hospitals' Mot. to Dismiss 1, 4-9, ECF No. 183; Intermountain Healthcare's Mot. to Dismiss Am. Compl. 2 n. 1, 4-9, ECF No. 189.) Allowing amendment at this time would trigger another round of

motions to dismiss for no purpose.  Therefore, the undersigned views Ms. Van Ornum's proposed amendment regarding these two defendants as immaterial at this time.

Ms. Van Ornum further seeks to alter the name of the defendant "Cyanoch Biochemic Corporation, Offspring" ("Cyanoch") to "Cyanotech Corporation, Nutrex Hawaii Inc."  (Mot. 1, ECF No. 191.)  The undersigned previously recommended dismissal of Cyanoch from Ms. Van Ornum's lawsuit because Ms. Van Ornum never properly served the Defendant, even after the Court warned Ms. Van Ornum to do so. (See R. & R. Dismissing Cyanoch/Cyanotech after Ms. Van Ornum's Failure to Serve, ECF No. 226; Minute Order, ECF No.  177 (allowing thirty-day extension in which to serve Cyanoch).)  Permitting Ms. Van Ornum to alter the name of Cyanoch in her Complaint would not cure the deficiency in service, therefore the undersigned views this proposed change as futile.

Ms. Van Ornum's proposal to add her street and apartment number to the Amended Complaint appears similarly futile.  Further, Ms. Van Ornum included such information in her certificate of service attached to the Amended Complaint.  (See Am. Compl. 59, ECF No. 98.)  Should the Court grant Ms. Van Ornum additional leave to attempt to fix the substantive deficiencies in her Amended Complaint, she can fix these deficiencies as well.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the Court DENY Ms. Van Ornum's motion for leave to amend her Amended Complaint.  (Mot., ECF No. 191.)

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court,  pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service  thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 21st day of June, 2017.

BY THECOURT:

_____
EVELYN J. FURSE
United States Magistrate Judge