IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SANDRA CK VAN ORNUM**, <br><br>Plaintiff, <br><br>v. <br><br>**AMERICAN MEDICAL ASSOCIATION**, et al., <br><br>Defendants. | REPORT AND RECOMMENDATION: GRANTING KAISER FOUNDATION HOSPITALS' MOTION TO DISMISS (ECF No. 183) <br><br>Case No. 2:14-cv-921-RJS-EJF <br><br>District Judge Robert J. Shelby <br><br>Magistrate Judge Evelyn J. Furse |

Defendant Kaiser Foundation Hospitals (Kaiser) filed the present Motion to Dismiss pro se Plaintiff Sandra C.K. Van Ornum's claims pursuant to Federal Rules of Civil Procedure (Rules) 8(a) and 12(b)(6). (ECF No. 183.) Based on the allegations presented in the Amended Complaint, (Am. Compl., ECF No. 98), the undersigned[1] RECOMMENDS the District Court find Ms. Van Ornum's Amended Complaint fails to state a plausible claim and dismiss the claims against Kaiser without prejudice pursuant to Rule 12(b)(6).[2] Alternately, the District Judge could dismiss the Amended Complaint as untimely because Ms. Van Ornum submitted her Amended Complaint outside the thirty-day refiling window granted in the District Judge's Order, (ECF No. 86).

## BACKGROUND

On December 22, 2014, Ms. Van Ornum filed a pro se Complaint against the American Medical Association (AMA), American Dental Association (ADA), American

---

[1] On January 5, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.)
[2] Pursuant to D.U. Civ. R. 7-1(f), the undersigned finds oral argument unnecessary and will make its recommendation based on the Amended Complaint and written memoranda.

1

Hospital Association (AHA), Monsanto Company (Monsanto), Eli Lilly and Company (Lilly), Pfizer Inc. (Pfizer), Abbott Laboratories (Abbott), Allergan Inc. (Allergan), Hawaii Pacific Health System (Hawaii Pacific), Kuakini Health System (Kuakini), and Dr. William Goodhue (Dr. Goodhue).  (ECF No. 1.)  On March 24, 2015, Ms. Van Ornum filed an Amended Complaint prior to service of any Defendant.  (ECF No. 4.)  On May 4, 2016, Ms. Van Ornum filed the current operative Complaint (the "Amended Complaint").  (Am. Compl., ECF No. 98.)  The Amended Complaint added Kaiser.  (Id.)  Kaiser filed a Motion to Dismiss on October 14, 2016.  (Def. Kaiser Found. Hosps.' Mot. to Dismiss (Mot.), ECF No. 183.)  On November 14, 2016, the Court received Ms. Van Ornum's Response, (Objs., ECF No. 188), and on November 28, 2016 Kaiser filed its Reply, (Def. Kaiser Found. Hosps.' Reply in Supp. of Mot. to Dismiss (Reply), ECF No. 190).

Ms. Van Ornum's Amended Complaint contains a potpourri of allegations.  From what the undersigned can gather, Ms. Van Ornum alleges Kaiser, acting either independently or as part of the larger, indefinite "Defendants' class," violated numerous constitutional protections and federal statutes.  Constitutional violations include:  the Privileges and Immunities Clause (14th Amendment), the Due Process Clause (14th Amendment), the Equal Protection Clause (14th Amendment), provisions against slavery and involuntary servitude (13th Amendment), Freedom of Speech (1st Amendment), Freedom of Assembly (1st Amendment), and Freedom of the Press (1st Amendment).

Alleged statutory violations include:  18 U.S.C. § 1851 (peonage), 42 U.S.C. § 2000bb-1 (Religious Freedom Restoration Act), 15 U.S.C. § 45 (unfair or deceptive acts or practices (FTC Act § 5a)), 15 U.S.C. § 1-3 (Sherman Antitrust Act), 15 U.S.C. § 15

(Clayton Antitrust Act), 18 U.S.C. § 1959 (violent crimes in aid of racketeering activity), 18 U.S.C. § 1961 (RICO), and 18 U.S.C. § 1958 (use of interstate facilities in murder for hire).

Essentially, Ms. Van Ornum objects to modern medicine, modern agriculture, and modern civilization to the extent these systems run contrary to her "knowledge of our Creator's laws of health." (Am. Compl. 4, ECF No. 98.) "Defendants' class" operates a monopolistic force behind these modern systems, maintaining and growing their power at the expense of "our body and its business department." (Id. at 3.) Preservation of such a huge monopoly requires innumerable and unending acts; three highlights from Ms. Van Ornum's perspective include the creation of the United States Department of Health, Education, and Welfare in 1953, the passage of "the Obama health reform," and the "IRS penalty laws." (Id. at 8, 10.) While Ms. Van Ornum's Amended Complaint only names fourteen specific Defendants, the entire conspiracy consists of "all pharmaceutical and chemical corporations, partnerships, associations, health care providers who are individuals, group of individuals, facilities, hospital and clinics." (Id. at 3.) Ms. Van Ornum believes that if this group stopped providing/forcing things like fluoridated water, medical surgeries, pharmaceuticals, and chemically supported agriculture, and if people returned to the practices of health and nutrition supported by her readings of the Old Testament and various other spiritual texts, everyone would live for over 900 years. (Id. at 3-6.) According to Ms. Van Ornum, Defendants' class propagates its systems, prevents exercise of true health practices, and in doing so robs people generally, and her parents and herself in particular, of good health and ninety percent of their life expectancy. (Id. at 3-4, 9.)

## DISCUSSION

Kaiser offers four grounds to dismiss Ms. Van Ornum's Amended Complaint: (1) Ms. Van Ornum filed her Amended Complaint late, (2) the Amended Complaint violates Rule 8(a), (3) the Amended Complaint fails to state a claim upon which the Court can grant relief, and (4) Ms. Van Ornum fails to demonstrate why she may bring claims on behalf of her deceased parents. (Mot. 4-9, ECF No. 183.)

### I. MS. VAN ORNUM FILED HER AMENDED COMPLAINT LATE

Ms. Van Ornum hand delivered her Amended Complaint late, according to the time provided in the District Judge's March 30, 2016 Order. (Order 10, ECF No. 86 ("The court grants Ms. Van Ornum leave to amend her complaint within thirty (30) days of this Order, in accordance with the guidance provided above. Failure to do so will result in the dismissal of this case with prejudice.").) The Order gave Ms. Van Ornum thirty days to file her Amended Complaint. Excluding the entry date of the Order, see Rule (6)(a)(1)(A), Ms. Van Ornum's Amended Complaint came due April 29, 2016. Ms. Van Ornum hand delivered her Amended Complaint to the Clerk's office on May 4, 2016. (Am. Compl., ECF No. 98 (Certificate of Service).) Thus, Kaiser argues the Court could dismiss the Amended Complaint with prejudice based on the prior Order, (ECF No. 86).

Ms. Van Ornum's Opposition does not address this point. (Opp'n, ECF No. 188.) Given Ms. Van Ornum's pro se status, the undersigned proceeds as if Ms. Van Ornum filed her Amended Complaint on time.

### II. THE ANTITRUST CLAIMS AGAINST KAISER FAIL TO STATE A CLAIM UPON WHICH THE COURT MAY GRANT RELIEF

4

Ms. Van Ornum alleges that Defendants' class injured her "business and property" and seeks "tremble [sic] damages, costs, fees and simple interest" under the Clayton Antitrust Act. (See Am. Compl. ¶ 43, ECF No. 98.) Kaiser moves to dismiss these claims because Ms. Van Ornum failed to state a cause of action under the federal antitrust statutes. (Mot. 8, ECF No. 183.)

The Court construes pro se pleadings liberally and holds them to a "less stringent standard." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)). A pro se plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Regardless, even a pro se plaintiff must "'set forth plausible claims' animating the elements of her causes of action." See Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Additionally, the Court cannot act as an advocate for a pro se litigant who must comply with the fundamental requirements of the Rules. Hall, 935 F.2d at 1110; Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840).

Whether a plaintiff's claims rise to the threshold of plausible depends on the factual allegations presented within the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only

enough facts to state a claim to relief that is plausible on its face."). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall, 935 F.2d at 1110. The Court will disregard legal allegations masquerading as factual allegations. Twombly, 550 U.S. at 554–56 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). If a pro se party has not alleged sufficient facts to support a legal theory, courts will not fill in the factual gaps. Smith, 561 F.3d at 1096 (citing Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

Should a plaintiff's original complaint miss "important element[s] that may not have occurred to him," the Court will grant leave to amend. Hall, 935 F.2d at 1110. After providing an opportunity to amend, a court may properly dismiss with prejudice only upon concluding that further opportunity to amend would prove "futile." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010).

Put in the best possible light, Ms. Van Ornum alleges Kaiser belongs to a class of Defendants, who conspire to withhold knowledge of the true nature of our bodies, provide harmful food, drink, pharmaceuticals, products, and medical and dental procedures, and lobby to pass laws with the intent of preventing Ms. Van Ornum and her parents from spreading their message of a much longer life possible through alternative means. (See Am. Compl. 8-10, ECF No. 98.) Through this conspiracy, the Defendants force the general public, including Ms. Van Ornum, to buy unhealthy food, submit to unhealthy medical procedures, take unhealthy medications, and drink unhealthy water that leads to a reduced life expectancy and financially benefits the Defendants. (Id.) The Amended Complaint alleges the Defendants' class imposed a price ceiling for public produce, health insurance, wholesome herbs, fruits, and water,

6

among other things.  (Am. Compl. ¶ 44, ECF No. 98.)  Further, the Defendants' class withheld water, herbs, fruits, supplements, medicines, treatments, and procedures from the market.  (Id. ¶ 41.)  Where a complaint makes allegations "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly 550 U.S. at 570).  The Amended Complaint suffers from exactly this problem.

A private litigant making a civil antitrust claim does so through the Clayton Act, 15 U.S.C. § 15, allowing a private right of action for violation of the Sherman Act, 15 U.S.C. § 1-3.  Ms. Van Ornum fails to allege the facts necessary to support antitrust claims.  The keystone of any 15 U.S.C. § 1 claim lies in the demonstration of "an agreement, tacit or express."  Twombly, 550 U.S. at 553–54 (2007) (quoting Theatre Enter., Inc. v. Paramount Film Distrib. Corp., 346 U.S. 537, 542 (1954)).  Independent parallel business behavior may provide admissible circumstantial evidence but standing alone fails to establish an agreement.  Id.; Native Am. Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1297–98 (10th Cir. 2008).

The Amended Complaint lacks any factual allegations connecting Kaiser to such an agreement.  The Amended Complaint only mentions Kaiser four times.  (Am. Compl. ¶¶ 69, 144-145, 155, ECF No. 98.)  The first mention merely alleges Kaiser's principle place of business and headquarters in California, the second and third obscurely reference complications with the pregnancy and the birth of Ms. Van Ornum's child in Hawaii in 1986, and the baby's health in 1986 through 1987, and the fourth alleges that in 2000 in Hawaii, Kaiser aided Child Protective Services and Hawaii Pacific in

removing Ms. Van Ornum's "adopted son from her care." (Id.) While the last allegation suggests "an agreement, tacit or express" between Hawaii Pacific and Kaiser, it lacks any facts to nudge the claim across the line from possible to plausible. See Twombly, 550 U.S. at 553-54 (quoting Theatre Enter., 346 U.S. at 542); Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (noting need to take plausible factual allegations as true).

Ms. Van Ornum suggests new allegations against Kaiser within her Response to Kaiser's Motion to Dismiss, referencing "anti-competitive conduct against … trade and commerce." (Objs. ¶¶ 14-16, ECF No. 188.) However, on a motion to dismiss the Court can only consider the allegations on the face of the complaint. Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016).

Moreover, "an antitrust injury requires 'an injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" Cohlmia v. St. John Med. Ctr., 693 F.3d 1269, 1280 (10th Cir. 2012) (quoting Tal v. Hogan, 453 F.3d 1244, 1253 (10th Cir. 2006)). 15 U.S.C. § 1 forbids contracts, trusts, or conspiracies "in restraint of trade or commerce." Demonstration of injury requires allegation of "a business or property injury." Id. (quoting Tal, 453 F.3d at 1257-58). Furthermore, to comply with Rule 8 Ms. Van Ornum must allege "specific, comprehensible factual allegations [and] claims for relief against … individual Defendant[s]." (See Order, ECF No. 86.) Ms. Van Ornum omits specific factual allegations connecting Kaiser to the elements of a 15 U.S.C. § 1 claim. The allegations Ms. Van Ornum provides that contain some specificity do not allege actions by Kaiser that amount to antitrust violations or injuries sustained by Ms. Van Ornum that

correspond to antitrust injuries. Physical injury and reduced life expectancy are not injuries to a business or property. The remaining mentions of the antitrust provisions couch themselves in the legal lexicon, but do not amount to "more than labels and conclusions," and thereby fail under Rules 8 and 12(b) to state a 15 U.S.C. § 1 claim.[3] Twombly, 550 U.S. at 555 (describing the requirements of a well-pled complaint).

A 15 U.S.C. § 2 claim requires allegations concerning four elements: (1) the monopoly, (2) the relevant market, (3) the misconduct, and (4) a connection between the misconduct and harm to competition in the relevant market. Duty Free Americas, Inc. v. Estee Lauder Co., Inc., 797 F.3d 1248, 1262–64 (11th Cir. 2015) (explaining in detail the allegations necessary to state a claim for attempted monopolization under § 2). Ms. Van Ornum's allegations as to Kaiser do not, and cannot, map onto this basic framework. The Amended Complaint alleges a monopoly between anyone with a hand in modern medicine, agriculture, or health generally, the relevant market includes the whole world, and the harm results from the monopolists' setting a price ceiling and depriving all people of their natural life expectancy of 900 years. (Am. Compl. ¶¶ 8, 12-13, 44, ECF No. 98.) Neither the Amended Complaint nor the allegations included in Ms. Van Ornum's Response articulate the product market or explain how she and her parents compete with Kaiser or how Kaiser has harmed that competition. Again, the extreme implausibility of these claims – the notion of collusion on an impossibly large scale, the assertion that without modern antibiotics, surgery, and nutrition we would live centuries longer – does not allow for a 15 U.S.C. § 2 claim. Furthermore, the same

---

[3] 15 U.S.C. § 3 effectively applies 15 U.S.C. § 1 to the District of Columbia and the United States territories. Thus to the extent Ms. Van Ornum asserts claims under this statute, they suffer from the same plausibility defects as the 15 U.S.C. § 1 antitrust claims.

requirements for antitrust injury apply to § 2 claims, Cohlmia, 693 F.3d at 1280, and thus the claim fails for the same reasons the § 1 claim fails.

A pro se plaintiff must "'set forth plausible claims' animating the elements of her causes of action." See Burnett, 706 F.3d at 1236 (quoting Iqbal, 556 U.S. at 678). Ms. Van Ornum falls short of this burden, and for the above reasons the undersigned RECOMMENDS the District Judge dismiss Ms. Van Ornum's antitrust claims against Kaiser pursuant to Rule 12(b)(6).

### III. THE RICO CLAIM AGAINST KAISER FAILS TO STATE A CLAIM ON WHICH THE COURT CAN GRANT RELIEF

Ms. Van Ornum also fails to allege facts sufficient to create any plausible RICO claim. The Amended Complaint asserts that Kaiser, acting in concert with the broad class of Defendants, "commits continuous and systematic serious injuries and damages to our body and its business department in aid of racketeering activities." (Am. Compl. ¶ 8, ECF No. 98.) Defendants' class tricks the public into believing modern agriculture, modern medicine, and chlorination, among other ingenuities, aid health, when in reality these devices take centuries off our natural life span. (Id. at ¶¶ 9-12.) By purposefully withholding "knowledge of our Creator's laws of health," Defendants force humanity into "peonage." (Id. at ¶ 15.) The RICO enterprise stoops to the depths of "murder in aid of racketeering activities and use[s] interstate commerce facilities to commission murder-for-hire." (Id. at ¶ 7.)

The Amended Complaint relies on a broad and ill-defined "class" of Defendants. The group involved in the suspected enterprise includes "all pharmaceutical and chemical corporations, partnerships, associations, health care providers who are individuals, group of individuals, facilities, hospital and clinics." (Id. at ¶ 8.) This fact

10

alone provides grounds to dismiss the RICO claims.  Certainly, Ms. Van Ornum must allege the existence of an "enterprise" to state a civil RICO claim.  See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 495–97 (1985) ("A violation of § 1962(c)… requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."); Boyle v. United States, 556 U.S. 938, 943–45 (2009) (defining "enterprise").  However, Ms. Van Ornum sets an impossible task for herself.  No set of facts exists that Ms. Van Ornum can allege (and Ms. Van Ornum alleges few facts) that would plausibly tie together every pharmaceutical company, chemical company, and health care provider into a single enterprise.

Even if Ms. Van Ornum successfully alleged such a massive enterprise, her Amended Complaint must still establish two other requisite elements:  racketeering activity and a pattern.  See Sedima, 473 U.S. at 495–97 (identifying "a pattern…of racketeering activity" as a necessary civil RICO element); see also 18 U.S.C. § 1962(c).

Ms. Van Ornum comes closest to allegations of racketeering activity in her Amended Complaint when she alleges that Kaiser, among other things, "put Ms Van Ornum in a condition of 24 hours of intolerable pain from the [sic] her calcified sacrum joint and a condition of a 90% risks of coma and death..." and "from 1986 -1987… put her baby at the 100% risk of constipation, fevers, ear infection, sudden infant death and seizure…."  (Am. Compl. ¶¶ 144-45, ECF No. 98.)  Ms. Van Ornum provides other potential racketeering allegations in her Response, (Objs. ¶ 16(4), ECF No. 188 (alleging Kaiser's conduct put Ms. Van Ornum "in a condition of 90% risk of coma, death and cesarean in 1986…")), but as discussed above new factual allegations contained within the Response do not factor into the 12(b)(6) analysis.  Nonetheless, even if Ms.

11

Van Ornum repled, these allegations do not allege facts sufficient to allow Kaiser to understand what Ms. Van Ornum claims it did to violate RICO.

To establish racketeering activity en route to alleging a full RICO claim, a plaintiff must allege the defendant committed one of the predicate acts listed in § 1961(1). Sedima, 473 U.S. at 495 (citing 18 U.S.C. § 1961(1) (defining racketeering activity)). While § 1961 includes a laundry list of activities, none intersects with the allegations Ms. Van Ornum provides. In the best possible light, Ms. Van Ornum alleges she suffered trauma in the 1980s at health facilities affiliated with Kaiser. Although the undersigned struggles to understand Ms. Van Ornum's specific allegations, her claims against Kaiser appear to relate back to the broader themes of her Amended Complaint, i.e. that modern medicine conspires to harm the public. Ms. Van Ornum may hold significant differences of opinion from Kaiser's regarding what treatment best served her and her baby in 1986 and 1987. Vaguely alleged mistreatment fails to amount to any predicate act under 18 U.S.C. § 1961. The Court must read Ms. Van Ornum's factual allegations in a favorable light to determine whether she adequately pled the elements of her causes of action. However, the Court need not take Ms. Van Ornum's legal conclusions, unsupported by the requisite factual allegations, at face value.

Ms. Van Ornum "must, of course, allege each of [RICO's] elements to state a claim." Sedima, 473 U.S. at 496. No factual allegations in the Amended Complaint plausibly suggest Kaiser engaged in racketeering activity, let alone a pattern of such actions. While the Amended Complaint makes some explicit allegations of racketeering activity, none refers to Kaiser. (See, for example, Am. Compl. ¶¶ 7, 36, 54, 97-98, 109, 119, 167, 179, ECF No. 98 (alleging murder and murder for hire).) These allegations

similarly fall short of alleging violent crimes in aid of racketeering activity, 18 U.S.C. § 1959, and use of interstate facilities in murder for hire, 18 U.S.C. § 1958. Without plausible allegations animating the elements of a RICO cause of action or these other alleged violations, Ms. Van Ornum fails to state any RICO, racketeering, or murder for hire claims in her Amended Complaint. Therefore, the undersigned RECOMMENDS dismissing all RICO, racketeering, and murder for hire claims against Kaiser.

### IV. ALL REMAINING CLAIMS AGAINST KAISER FAIL TO STATE A CLAIM ON WHICH THE COURT CAN GRANT RELIEF

Ms. Van Ornum states that "Defendants class … deprive us of our privileges or immunities as citizens of the United State[s]," indicating a violation of the Privileges and Immunities Clause of the Fourteenth Amendment. (Am. Compl. ¶ 93, ECF No. 98.) This claim cannot survive Kaiser's 12(b)(6) motion because Ms. Van Ornum makes no factual allegations suggesting infringement on the privileges and immunities inherent in federal citizenship. Slaughter-House Cases, 83 U.S. 36, 37 (1872).

Additionally, Ms. Van Ornum claims that Defendants (as a class) violated the Due Process Clause and Equal Protection Clause. These claims appear haphazardly in the Amended Complaint, for example,

> Defendant's class's health plan is hard and boring work, the pay is substantively below our life expectancy's value, she a citizen and their primary competitor, victim and is threatened and deprived, discriminated of privileges or immunities of citizens or the United State[s], life, liberty and property, due process and denied equal protection of the laws;

(Am. Compl. ¶ 6, ECF No. 98.)

Ms. Van Ornum fails to clarify whether she intends to bring a procedural or substantive due process claim. "Procedural due process ensures the state will not deprive a party of property [or liberty] without engaging fair procedures to reach a

13

decision, while substantive due process ensures the state will not deprive a party of property [or liberty] for an arbitrary reason regardless of the procedures used to reach that decision." Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1210 (10th Cir. 2000) (discussing the Rule 12(b)(6) pleading standard of due process claims); Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007). For a substantive or procedural due process claim to survive the motion to dismiss stage, the plaintiff must allege that a defendant's action took away a protected property or liberty interest belonging to the plaintiff. Teigen, 511 F.3d at 1078.

To state a procedural due process violation, Ms. Van Ornum must allege: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process." Citizen Ctr. v. Gessler, 770 F.3d 900, 916 (10th Cir. 2014); see also Martin Marietta Materials, Inc. v. Kan. Dep't of Transp., 810 F.3d 1161, 1171–72 (10th Cir. 2016) (requiring a constitutionally protected interest, a deprivation, and "a lack of constitutionally adequate notice and a hearing").

To state a substantive due process violation, Ms. Van Ornum must allege a deprivation through state conduct that "is 'arbitrary, lacking a rational basis, or shocking to the conscience of the Court.'" Cohon ex rel. Bass v. N.M. Dep't of Health, 646 F.3d 717, 731 (10th Cir. 2011) (quoting Butler v. Rio Rancho Public Sch. Bd. of Educ., 341 F.3d 1197, 1200–01 (10th Cir. 2003)).

Ultimately, Ms. Van Ornum's failure to specify whether she brings a procedural due process or substantive due process claim, while not in itself sufficient grounds to dismiss, highlights the Amended Complaint's inability to articulate what protected property or liberty interest she believes state action infringed upon. Interaction with the

14

Department of Health or Child Protective Services, without more information, appears innocuous. Ms. Van Ornum's charge that Kaiser "willfully put her baby at the 100% risk of constipation, fevers, ear infection, sudden infant death and seizure with the intent add her growth of autistic children and sudden infant deaths," (Am. Compl. ¶ 145, ECF No. 98), while sensational, fails to describe what exactly happened, and how Kaiser acted in conjunction with the Department of Health. Ms. Van Ornum includes no additional allegations – such as what process she deserved and did not receive, or how the state acted arbitrarily, without rational basis, or in a shocking manner – which would steer Ms. Van Ornum's claim towards plausibly stating either a procedural or substantive due process violation. Citizen Ctr., 770 F.3d 916; Cohon, 646 F.3d at 731.

As to her Equal Protection Claim, Ms. Van Ornum does not allege membership in a particular class. Should she wish to proceed under a theory of discrimination against a "class-of-one," Ms. Van Ornum must allege that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Kan. Penn. Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Ms. Van Ornum, while referencing equal protection violations in multiple locations, makes no attempt to establish disparate treatment by Kaiser between herself (or her parents) and others similarly situated. On the contrary, Ms. Van Ornum seems to allege that the modern medical industry similarly mistreats all its patients. Without any such comparison, Ms. Van Ornum does not state a plausible equal protection claim as to Kaiser.

Ms. Van Ornum asserts that Defendants' Class violated the Thirteenth

Amendment, specifically the provisions against slavery and involuntary servitude, and 18 U.S.C. § 1581, concerning peonage.  (Am. Compl. ¶¶ 16, 44, ECF No. 98.)  In fact, Ms. Van Ornum writes, "at all times Defendants' class is engage[d] in illegal trafficking with respect to peonage, slavery, involuntary servitude and force[d] labor."  (Am. Compl. ¶ 16, ECF No. 98.)  Ms. Van Ornum fails to go beyond these bare bone accusations.  The Amended Complaint contains no factual allegations to buttress these claims or tie them to Kaiser.  Therefore the Amended Complaint contains insufficient factual allegations to survive Kaiser's 12(b)(6) Motion as to violations of the Thirteenth Amendment and 18 U.S.C. § 1581.

Ms. Van Ornum also claims that Defendants' class violated the First Amendment's Freedoms of Speech, Assembly, and Press.  Specifically, Ms. Van Ornum alleges

> that in 1953, Defendants' class cause Congress to make law the establishment of the US Department of Health, Education and Welfare, to prohibit the free exercise of our Creator's laws of health, sufficiently abridge the freedom of its speech, of its press, the right of the people to peaceable assemble and petition the Government for redress of grievances nationwide (First Amendment…);

(Am. Compl. ¶ 32, ECF No. 98.)  Aside from this single paragraph, Ms. Van Ornum revisits her First Amendment claims only once more in the Amended Complaint, and then only rephrasing the allegation that Defendants forced Congress to create the "US Department of Health, Education, and Welfare."  (Am. Compl. ¶ 94, ECF No. 98.)  As a pro se plaintiff, Ms. Van Ornum still carries the burden of "'set[ting] forth plausible claims' animating the elements of her causes of action."  See Burnett, 706 F.3d at 1236 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012)).  Passing reference to First Amendment violations, tied up in a Congressional conspiracy circa

16

1953, fails to establish a constitutional claim.

In addition, Ms. Van Ornum refers to 42 U.S.C. § 2000bb-1, the Religious Freedom Restoration Act (RFRA) several times in her Amended Complaint. Oftentimes, these references are difficult to put into broader context:

> The cause of action, is to be granted 42 USC §2000bb-1 (b) demonstration, and based on the Defendants' demonstration to Ms Van Ornum, jury, Court et al., determination if the pecuniary relief being sought is possible, to determine how to use such to permanently prevent, restraint and remedy Defendants' class' conduct and restore back to the people the equal protection of the laws, due process, sufficiently increase the value of their life expectancy, help the body repair injuries or damages done by Defendants' class, especially our mothers and fathers our elderly citizens, our homeless, our poor, so they may become self reliant and a benefit to their, children, family, community and nation, instead of a burden, even to themselves;

(Am. Compl. ¶ 26, ECF No. 98.) Even when Ms. Van Ornum provides more background, the result appears nonsensical,

> Defendants' class did not provide us with the water, herbs, fruits, supplements, medicine, treatments and procedures for the constitution, nature and usage of our body and its business in the relevant markets to substantively burden the exercise of religion in any US Territory, including Utah and Hawaii (15 USC §§1, 2, 3).

(Id. at ¶ 41.) These words simply do not state a cognizable legal claim. Read most generously, Ms. Van Ornum claims the Defendants burden her religious exercise by preventing her and her family from engaging in their religiously based health practices. The Amended Complaint never alleges facts showing what Kaiser did that prevented Ms. Van Ornum from exercising her religious freedom and how those acts qualify as federal action. See Burwell v. Hobby Lobby Stores, Inc., 573 U.S. —, 134 S. Ct. 2751, 2759 (2014) (noting RFRA prohibits federal government action).

Similarly, Ms. Van Ornum claims Defendants' class violated the Federal Trade

17

Commission Act, 15 U.S.C. § 45, through unfair or deceptive acts or practices.  (Am. Compl. ¶ 35, ECF No. 98.)  No private right of action exists under this statute, and Ms. Van Ornum may not bring this claim.  See Baum v. Great W. Cities, Inc., 703 F.2d 1197, 1209 (10th Cir. 1983) ("We recognize that private litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1).").

As to all of these additional claims, the undersigned RECOMMENDS dismissal.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the Court dismiss Ms. Van Ornum's claims against Kaiser for failure to state a claim, granting Defendant's Motion to Dismiss, (ECF No. 183).  The undersigned does not reach Kaiser's arguments regarding Ms. Van Ornum's standing to bring claims on behalf of her parents because no plausible claims exist within the Amended Complaint.

The Court will send copies of this Report and Recommendation to the parties who the  Court hereby notifies of their right to object to the same.  The Court further notifies the parties  that they must file any objection to this Report and Recommendation with the Clerk of the Court,  pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service  thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 14th day of July 2017.

BY THE COURT:

_Evelyn J. Furse_
Evelyn J. Furse
United States Magistrate Judge