IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| SANDRA CK VAN ORNUM,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL ASSOCIATION,<br>et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:14-cv-00921-RJS-EJF<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This case was referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court are eleven of the Magistrate Judge's Report and Recommendations,[1] which address the Defendants' Motions to Dismiss[2] and the Plaintiff's Motion to Amend.[3]

## BACKGROUND

This is the second time the court has considered Motions to Dismiss pro se Plaintiff Sandra Van Ornum's claims. The court previously adopted the Magistrate Judge's Report and Recommendation and dismissed Ms. Van Ornum's claims without prejudice. The court dismissed Ms. Van Ornum's claims because she had failed to make a prima face showing of personal jurisdiction over the Defendants for a majority of her claims, and she had failed to

---

[1] Dkts. 208, 209, 210, 211, 212, 213, 214, 226, 236, 237, 238.

[2] These Motions to Dismiss are reflected on the docket as follows: Dr. William Goodhue (Dkt. 100); American Dental Association, American Hospital Association, and American Medical Association jointly filed their Motion to Dismiss (Dkt. 101); Hawaii Pacific Health System (Dkt. 102); Kuakini Health System (Dkt. 103); Monsanto Company (Dkt. 104); Allergan (Dkt. 105); Abbott Laboratories, Eli Lily & Company, and Pfizer jointly filed their Motion to Dismiss (Dkt. 106); Kaiser Hospital Foundation (Dkt. 183); and Intermountain Health Care (Dkt. 189).

[3] Dkt. 191.

1

assert her Sherman and Clayton Act claims in accordance with Rule 8(a) of the Federal Rules of Civil Procedure.[4]

The court granted Ms. Van Ornum leave to file an amended complaint to address these deficiencies. The court stressed that Ms. Van Ornum's amended complaint must comply with Rule 8 and provide notice to each individual defendant of the claims against them and the factual support for these claims.[5] The court required Ms. Van Orunm to file her Rule 8-compliant amended complaint within thirty days of the filing of its Order, warning that failure to do so could result in the dismissal of her claims with prejudice.[6]

Ms. Van Ornum subsequently filed her Amended Complaint on May 4, 2017, five days after the thirty-day deadline.[7] This Amended Complaint is the subject of Defendants' Motions to Dismiss addressed by the Report and Recommendations now before the court.

In her Amended Complaint, Ms. Van Ornum appears to allege that a class of fourteen Defendants[8] violated her constitutional rights,[9] along with several statutes.[10] In her Amended

---

[4] Dkt. 86.

[5] *Id.* at 9 (stating "where there are multiple claims and multiple defendants, Ms. Van Ornum must state her claims in a manner that provides individual defendants fair notice of the claims asserted against them and the grounds upon which these claims rest").

[6] *Id.* at 10 ("Failure to do so will result in dismissal of this case with prejudice.").

[7] Dkt. 98.

[8] Ms. Van Ornum's Amended Complaint added Kaiser Hospital Foundation, Intermountain Health Care, and Cyanoch Biochemic Corporation. In her Amended Complaint, Ms. Van Ornum named: "1. American Medical Association, Offspring & Aiders; 2. American Dental Association, Offspring & Aiders; 3. American Hospital Association, Offspring & Aiders; 4. Monsanto Company, Offspring & Aiders; 5. Eli Lily & Company & Offspring; 6. Pfizer Inc, Offspring & Aiders; 7. Abbott Laboratory Inc. Offspring & Aiders; 8. Allgergan Inc. Offspring & Aiders; 9. Hawaii Pacific Health System & Aiders; 10. Kaukini Health System & Aiders; 11. Dr. William Goodhue, MD & Aiders; 12. Kaiser Hospital Foundation, & Aiders; 13. Intermountain Health Care Network, & Aiders; 14 Cyanoch Biochemic Corporation, Offspring & Aiders; 15. Doe Defendants, 'indispensible defendants'." *Id.* at 1.

[9] *See* dkt. 208 at 3 (stating that the Amended Complaint appears to allege constitutional violations under "the Privileges and Immunities Clause (14th Amendment), the Due Process Clause (14th Amendment), the Equal Protection Clause (14th Amendment), provisions against slavery and involuntary servitude (13th Amendment), Freedom of Speech (1st Amendment), Freedom of Assembly (1st Amendment), and Freedom of the Press (1st Amendment)").

2

Complaint, Ms. Van Ornum improved the readability of her pleading by eliminating the abbreviations that were used extensively in her previous Complaint. The Amended Complaint, however, is still difficult to follow and does not connect specific facts and claims to specific Defendants. Instead, the Amended Complaint refers broadly to an ill-defined "Defendants' class"[11] and makes broad and difficult-to-comprehend accusations.[12]

The factual assertions in Ms. Van Ornum's Amended Complaint are similar to those in her original Complaint. Though difficult to discern, she seems to assert that the Defendants' class interfered with her and her family's practice of the "Creator's laws of health" by providing modern institutional medical care and, as a result, her and her family suffered poor health outcomes.[13] She also appears to allege that the Defendants' class committed various crimes as a result of their interference with her and her parents' practice of the Creator's laws of health.[14]

All of the Defendants filed Motions to Dismiss, exception Cyanoch Biochemic Corporation, who has not made an appearance in this case.[15] While Defendants' arguments vary,

---

[10] *See id.* at 3 (finding that the Plaintiff's Amended Complaint appears to allege violations of "18 U.S.C. § 1851 (peonage), 42 U.S.C. § 2000bb-1 (Religious Freedom Restoration Act), 15 U.S.C. § 45 (unfair or deceptive acts or practices (FTC Act § 5a)), 15 U.S.C. § 1-3 (Sherman Antitrust Act), 15 U.S.C § 15 (Clayton Antitrust Act), 18 U.S.C. § 1959 (violent crimes in aid of racketeering activity), 18 U.S.C. § 1961 (RICO), and 18 U.S.C. § 1958 (use of interstate facilities in murder for hire)").

[11] The Amended Complaint states that the "Defendants class is defined as nationwide organization, engage in interstate commerce and territorial-based health care providers acting under color of authority and color of law, committing violent crimes against our body and its business departments, murder in aid of racketeering activities, use interstate commerce facilities for commission of murder-for-hire in any US Territory we resided, or will reside, and do so knowingly, willful, maliciously without any justification." Dkt. 98 at 8. Ms. Van Ornum also alleges that "Defendants class size has become so numerous and a secret combination that joinder of all indispensable parties is impractical and impossible to give fair and adequate notice individually by nationwide service of process and so accords with DU CivR 23-1(c)(3)." *Id.* at 9.

[12] *See, e.g., id.* at 3–5.

[13] *See, e.g., id.* at 4.

[14] *See, e.g., id.* at 3 (racketeering activities); *id.* at 4 ("Defendants' class is engaged in illegal trafficking with respect to peonage, slavery, involuntary servitude, and force labor commit each element recognized by law either directly, indirectly, or consequential").

[15] *See supra* note 2.

3

in most Motions they argue the court should dismiss Ms. Van Ornum's Amended Complaint because: (1) it violates Rule 8(a) of the Federal Rule of Civil Procedure; (2) it fails to state a claim upon which the court can grant relief; (3) it fails to allege facts that support personal jurisdiction over the Defendant at issue; (4) it was untimely as it was filed outside of the thirty-day deadline; (5) the court lacks subject matter jurisdiction over Ms. Van Ornum's claims; and (6) Ms. Van Ornum lacks standing to bring claims on behalf of her parents.

## ANALYSIS

Before the court are eleven Report and Recommendations from the Magistrate Judge. Nine of these Report and Recommendations address Defendants' Motions to Dismiss.[16] One Report and Recommendation addresses Ms. Van Ornum's Notice of Corrections in Caption of Dkt. No. 98, which the Magistrate Judge construed as a Motion to Amend.[17] And one Report and Recommendation addresses Ms. Van Ornum's failure to serve Defendant Cyanoch Biochemic.[18]

Below, the court first addresses the standard of review. Next, the court takes up the nine Report and Recommendations addressing Defendants' Motions to Dismiss. Then, the court addresses the two additional Report and Recommendations. Finally, the court discusses the status of the case generally.

**I.    Standard of Review**

In the absence of a specific and timely objection, the court may apply a "clearly erroneous" standard of review when evaluating a Report and Recommendation.[19] This is true

---

[16] Dkts. 208, 209, 210, 211, 212, 213, 214, 237, 238.

[17] Dkt. 236.

[18] Dkt. 226.

[19] *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court and for appellate review."); *Gonzalez v. Franco*, No. CIV-14-1163,

4

even when the party failing to object is pro se.[20] Under this standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[21]

Ms. Van Ornum filed no objection to seven of the Magistrate Judge's Report and Recommendations.[22] These Report and Recommendations, therefore, are reviewed under the clearly erroneous standard. Ms. Van Ornum did file an objection to four Report and Recommendations.[23] In her Objection, however, Ms. Van Ornum failed to specifically object to any of the Magistrate Judge's analysis contained in the subject Report and Recommendations, and thus does not trigger de novo review.

---

2016 WL 807769, at *4 (D.N.M. Jan. 30, 2016) (unpublished) (applying "clearly erroneous, arbitrary, obviously contrary to the law, or abuse of discretion" standard of review when no party objects to a Magistrate Judge's proposed findings and recommended disposition).

[20] *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligations of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *cf. Chiari v. New York Arcing Ass'n Inc.*, 972 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) ("Although the objections to a report and recommendation of a pro se party should be accorded leniency, even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (citation omitted)).

[21] *Thompson v. Astrue*, No. 2:09-cv-228, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (unpublished) (internal quotation marks and citations omitted).

[22] Ms. Van Ornum did not object to the following Report and Recommendations: dkt. 212 (Report and Recommendation re 104 Motion to Dismiss Amended Complaint filed by Monsanto Company); dkt. 213 (Report and Recommendation re 105 Motion to Dismiss filed by Allergan); dkt. 214 (Report and Recommendation re 106 Motion to Dismiss filed by Pfizer, Eli Lily & Company, Abbott Laboratories); dkt. 226 (Report and Recommendation: Dismissing Cyanoch/Cyanotech); dkt. 236 (Report and Recommendation re 191 Motion to Amend/Correct Amended Complaint); dkt. 237 (Report and Recommendation re 183 Motion to Dismiss filed by Kaiser Hospital Foundation); dkt. 238 (Report and Recommendation re 189 Motion to Dismiss filed by Intermountain Health Care).

[23] Dkt. 215 (objecting to Dkt. Nos. 208, 209, 210, 211). The court construed this filing as an objection to the Report and Recommendations found at docket entry 208, 209, 210, and 211, and it was filed as such on the docket. The document states in its first paragraph that "Ms. Van Ornum . . . object[s] to Dkt. Nos. 208, 209, 210, and 211 recommendations to grant motions to dismiss Dkt. 98 claims for relief which are worth on the face." *Id.* at 1. Ms. Van Ornum goes on in her opening paragraph to request the court enter default against various defendants. *Id.* The court notes that on page thirty-three, Ms. Van Ornum "[r]equest[s] extension of time to respond to Dkt. 209, 210, and 211 or strike them." *Id.* at 33. To the extent Ms. Van Ornum wished to request an extension she was required to file a separate motion. Ms. Van Ornum eventually did file a Motion for Extension of time to Amend 215, which the court denied because she did not assert an adequate basis to amend her previous filing. *See* dkt. 230.

The court carefully reviewed Ms. Van Ornum's Objection. It is difficult to decipher. From what the court can understand, Ms. Van Ornum mainly argues that the court should enter default judgment against various Defendants, including Dr. Goodhue, for failure to answer the Amended Complaint within twenty-one days.[24] Ms. Van Ornum also states that she recently discovered "jurisdictional code pleading deficienc[ies]" in her Amended Complaint, and that "this needs to be added to pending Amended Complaint of September 19, 2016."[25] The only docket entry on September 19, 2016, is a minute entry from a motion hearing the Magistrate Judge held that day. Ms. Van Ornum also discusses various topics unrelated to the relevant Report and Recommendations.[26]

Overall, the Objection is cryptic and appears to request relief not within the scope of an objection to a Report and Recommendation, including entering default judgment against the Defendants. The Objection fails to specifically object to any analysis contained in any of the Report and Recommendations at issue; and the court, therefore, reviews all of the Report and Recommendations before it for clear error.

## II.     Report and Recommendations on Defendants' Motions to Dismiss

The Magistrate Judge addressed Defendants' Motions to Dismiss in nine Report and Recommendations.[27] In all Recommendations, the Magistrate Judge recommended the court dismiss Ms. Van Ornum's claims.

---

[24] *See, e.g.,* dkt. 215 at 19–22.

[25] *Id.* at 9.

[26] *Id.* (discussing time pressures Ms. Van Ornum faced when drafting her Amended Complaint, arguing the Defendants' Motions to Dismiss were "extremely vague and ambiguous," discussing a tax dispute with Box Elder County, providing some of the procedural history of the case, discussing additional sources of information she has discovered, quoting LDS scriptures, quoting directly from federal statutes, treatises, and case law without explanation of the import of the quoted language).

[27] *See* supra note 16.

6

In a majority of the Recommendations,[28] the Magistrate Judge concluded that the court has personal jurisdiction over the Defendant (or Defendants) at issue pursuant to Ms. Van Ornum's RICO and antitrust claims. But, having found jurisdiction, she concluded the court should dismiss these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Magistrate Judge discussed the elements of the RICO and antitrust claims, and concluded that Ms. Van Ornum had failed to allege facts that would plausibly support these claims.[29] Next, the Magistrate Judge found no basis in the Amended Complaint to exercise personal jurisdiction over the Defendant (or Defendants) at issue. She therefore recommended dismissing the remainder of the claims without prejudice under Rule 12(b)(2) for lack of jurisdiction.

The legal analyses in three of the Recommendations on Defendants' Motions to Dismiss vary from the path just outlined. In docket entry 210, the Report and Recommendation on Hawaii Pacific Health's Motion to Dismiss, the Magistrate Judge concluded the antitrust and RICO claims fail to provide personal jurisdiction over Hawaii Pacific; and she also concluded the Amended Complaint did not sufficiently allege personal jurisdiction over Hawaii Pacific for

---

[28] Dkt. 208, 209, 211, 212, 213, 214.

[29] At various points in several Report and Recommendations, the Magistrate Judge suggests that the facts alleged in the Amended Complaint must be plausible to be accepted as true by the court at the motion to dismiss stage. *See, e.g.,* dkt. 209 at 16 (citing a case for the proposition that the court need only "take *plausible* factual allegations as true"); dkt. 210 at 17, 20 ("Many of the other allegations, which could potentially satisfy this element, also lack the requisite detail, factual premises, and common-sense plausibility necessary to survive the present Motion."); dkt. 211 ("The undersigned takes as true all 'plausible, non-conclusory, and non-speculative' facts and resolves factual disputes in favor of Ms. Van Ornum.' *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007))."). To the extent the Magistrate Judge suggests the court must pass on the plausibility of factual allegations in a complaint at the motion to dismiss stage, this is an incorrect legal standard. As this court explained in *Valdez v. National Security Agency*, "[a]t the pre-discovery motion to dismiss stage, this court must assume the truth of well-pleaded factual allegations that are not simply legal conclusions or bare assertions of elements of a claim–so long as the allegations do not 'defy reality as we know it'–even if, in the court's own judgment, those facts seem at the outset incredible, unbelievable, or highly unlikely to be true." 228 F. Supp. 1271, 1280 (D. Utah 2017). The court concludes, however, that despite including this language, the Magistrate Judge does not rely solely on the implausibility of Ms. Van Ornum's factual allegations in her analysis.

the remainder of the claims. She therefore recommended dismissing all claims under Rule 12(b)(2). But she noted that alternatively, even if there was jurisdiction, the Amended Complaint also failed to state an antitrust or RICO claim and these claims can be dismissed pursuant to 12(b)(6).

In docket entry 237, the Report and Recommendation on Kaiser Foundation Hospital's Motion to Dismiss, the Magistrate Judge recommended the court dismiss all claims under Rule 12(b)(6) for failure to state a claim. Finally, in docket entry 238, the Report and Recommendation on Intermountain Health Care's Motion to Dismiss, the Magistrate Judge recommended the court determine it lacks jurisdiction over Ms. Van Ornum's state law claims, and dismiss all remaining claims under Rule 12(b)(6).

After reviewing these Report and Recommendations, the Amended Complaint, and Ms. Van Ornum's Objection, the court concludes that the Magistrate Judge did not clearly err in her analysis and the court adopts these Report and Recommendations—granting Defendants' Motions to Dismiss for the reasons outlined by the Magistrate Judge.

## III. Remaining Report and Recommendations

In addition to the Motions to Dismiss, the Magistrate Judge addressed Ms. Van Ornum's Motion for Leave to Amend, and her failure to serve Defendant Cyanoch/Cyanotech. The Magistrate Judge recommended the court deny Ms. Van Ornum's Motion to Amend because the proposed amendments fail to address the deficiencies in the current Amended Complaint, and amendment is therefore futile.[30]

---

[30] Dkt. 236.

The Magistrate Judge also recommended the court dismiss Ms. Van Ornum's claims against Cyanoch/Cyanotech without prejudice, because Ms. Van Orum had failed to properly serve Cyanoch/Cyanotech under Rule 4 of the Federal Rules of Civil Procedure.[31] Rule 4(m) of the Federal Rules of Civil Procedure provides that a court may dismiss claims against a defendant "on its own after notice to the plaintiff." The court considers the Report and Recommendation, which unequivocally recommended dismissing these claims for failure to serve, as notice to Ms. Van Ornum that such dismissal was contemplated. Ms. Van Ornum did not object to the Report and Recommendation.

The court has reviewed these Report and Recommendations, and concludes the Magistrate Judge did not clearly err in her analysis. The court thus adopts these Recommendations—denying Ms. Van Ornum's Motion to Amend and dismissing claims against Cyanoch/Cyanotech without prejudice for failure to serve under Rule 4.

## IV. Status of the Proceeding

After adopting the Report and Recommendations addressed above, the court has dismissed all claims against all Defendants without prejudice under Rule 12(b)(2), Rule 12(b)(6), or Rule 4 of the Federal Rules of Civil Procedure. The action in its entirety is thus dismissed.

When a pro se plaintiff's claims are dismissed under Rule 12(b)(6), Rule 12(b)(2), and Rule 4 as here, courts normally dismiss without prejudice.[32] Defendants, however, have asked

---

[31] Dkt. 226.

[32] *See Gee v. Pacheco*, 627 F.3d 1178, 1186 ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice."); *Goff v. Hackett Stone Co.*, 185 F.3d 874, 874 (10th Cir. 1999) (stating that dismissals for lack of personal jurisdiction and venue under Rules 12(b)(2) and 12(b)(3) "should be without prejudice"); Fed R. Civ. Pro 41(b) (stating that involuntary dismissals operate as adjudication on the merits "except for [a dismissal] for lack of jurisdiction, improper venue, or failure to join a party under Rule 19"); Fed. R. Civ. Pro. 4 ("If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

9

the court to deviate from this practice and dismiss Ms. Van Ornum's claims with prejudice.[33] The court concludes that given the facts and procedural history of this case, dismissal with prejudice is appropriate. Rule 41(b) allows the court to dismiss a plaintiff's action for failure to comply with the Federal Rules of Civil Procedure. Here, Ms. Van Ornum has repeatedly failed to comply with Rule 8's pleading requirements.

An analysis of the *Ehrenhaus* factors support dismissal with prejudice. These factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[34]

First, Ms. Van Ornum's inability to comply with Rule 8 has caused a high degree of actual prejudice to the Defendants. This case was filed in 2014, and in the three years since its filing Ms. Van Ornum has failed to file a complaint that complies with Rule 8. The Defendants have had to respond now to two nearly incomprehensible complaints. Indeed, the Tenth Circuit "has long recognized that defendants are prejudiced by having to respond to pleadings as wordy and unwieldy" as Ms. Van Ornum's.[35]

Second, Ms. Van Ornum's inability to abide by Rule 8's pleading requirements has caused a high degree of interference with the judicial process. This court has had to address nearly twenty Motions to Dismiss addressing Ms. Van Ornum's failure to comply with the basic pleading requirements of Rule 8, along with other deficiencies. This court, including the

---

[33] *See, e.g.,* dkt. 100 at 5; dkt. 101 at 1; dkt. 102 at 6; dkt. 103 at 1–2; dkt. 104 at 2.

[34] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (internal quotation marks omitted).

[35] *Id.* at 1162.

10

Magistrate Judge, has spent an immense amount of time working to decipher Ms. Van Ornum's complaints and other filings. Ms. Van Ornum's failure to abide by Rule 8 has made this court's application of Rule 12(b)'s standards extremely difficult.[36]

Third, Ms. Van Ornum is culpable for her inability to meet the requirements of Rule 8. The court has provided Ms. Van Ornum notice of the requirements of Rule 8 and allowed her to amend her complaint to address its deficiencies. Even as a pro se plaintiff, Ms. Van Ornum is accountable for her inability to follow the Federal Rules of Civil Procedure.[37]

Fourth, Ms. Van Ornum was warned that her failure to abide by Rule 8 would result in the dismissal of this case with prejudice. The court discussed the requirements of Rule 8 and "grant[ed] Ms. Van Ornum leave to amend her complaint . . . in accordance with the guidance provided."[38] The Amended Complaint did very little to improve the notice provided to individual Defendants.

Fifth, a lesser sanction will not be effective in this case. The court concludes–based on Ms. Van Ornum's inability to improve her complaint after receiving guidance from the court–that any future opportunity to amend would be futile. Ms. Van Ornum's other filings, which are also

---

[36] *See id.* at 1163 ("We have also previously observed the disadvantages to the administration of justice imposed in circumstances like these; district judges assigned the task of measuring legal pleadings against certain criteria embodied in Rule 12(b), Rule 56, and the like, have their task made immeasurably more difficult by pleadings as rambling, and sometimes incompressible as [the plaintiff's].")

[37] *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (explaining that pro se litigants "must follow the same rules of procedure that govern other litigants").

[38] Dkt. 86 at 7–10 (explaining that the complaint must put the defendant on fair notice of the plaintiff's claims and the grounds upon which these claims rest and also explaining that where there are multiple defendants the complaint must put "each individual defendant on notice of what claims are asserted against them and the facts that support these claims").

extremely difficult to decipherer, support the conclusion that she is unable to file a complaint that complies with Rule 8.[39]

For these reasons, the court dismisses Ms. Van Ornum's action with prejudice.

## CONCLUSION

In sum, the court ADOPTS the Recommendation and Recommendations as detailed above. Dkts. 208, 209, 210, 211, 212, 213, 214, 226, 236, 237, 238. The court thus GRANTS Defendants' Motions to Dismiss, DENIES Ms. Van Ornum's Motion to Amend, and DISMISSES the claims against Cyanoch Biochmic Corporation for failure to serve under Rule 4.

Further, for the reasons detailed above, the court dismisses this action with prejudice. Because Ms. Van Ornum is pro se, the court briefly mentions for her benefit that should she determine that any portion of this Order is appealable and wish to file an appeal, she has thirty-days from the date of this Order to do so.[40]

The Clerk of Court is directed to close the case.

SO ORDERED this 29th day of September, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[39] *See Wright v. Alexander*, 559 F' Appx. 765 (10th Cir. 2014) (affirming the district court's decision to dismiss a complaint with prejudice after it concluded that leave to amend would have been futile); *Williamson v. Owners Resort & Exchange*, 90 F' Appx. 342, *345 (10th Cir. 2004) ("When a complaint is incomprehensible and does not provide a 'short and plain' statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims under Rule 8(a)(2), dismissal is proper where, as here, the district court has given the plaintiff leave to amend and the successive pleading remains 'so confused, ambiguous, vague, or otherwise unintelligible that its substance, if any, is well disguised.'" (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

[40] Fed. R. App. P. 4.